### 2307.   WALKER *v.* THE STATE.

1. The evidence authorized the verdict, and there was no error in refusing a new trial.
2. The solicitor having stated, in his argument to the jury, that the prosecution had been entrapped by one witness, but that the negro John Gaines was the defendant's witness, and that the prosecution had put him up and made out a case, and the only objection made to this argument being that the solicitor was misquoting the evidence, it was not error for the court to rule that it was immaterial who subpoenaed the witness, that the party introducing the witness vouched for him and he became that party's witness.

Accusation of stabbing; from city court of Americus—Judge Crisp.   November 9, 1909.

Submitted January 12,—Decided March 11, 1910.

*Howell B. Simmons,* for plaintiff in error.

*Zach. Childers, solicitor,* contra.

RUSSELL, J. 1. The evidence seemed to have preponderated in behalf of the accused. However, there was evidence amply sufficient to support the verdict finding him guilty of stabbing. He could only excuse or defend against the charge of stabbing by showing that he used the knife in actual defense, or under the fears of a reasonable man that a felony or other serious bodily injury was about to be committed upon him. There was testimony tending to show that there was mutual intent to fight (the prosecutor using a pistol and the defendant a knife), as well as testimony by one witness that the defendant stabbed the prosecutor before the prosecutor drew the pistol, and when there was no necessity for the use of the knife. The solution of what actually transpired on the occasion of this difficulty was for the jury; and, as we stated above, the verdict is not without evidence to support it.

2. In the motion for a new trial it is complained that the judge erred in saying, "it is immaterial who subpœnaed the witness; the party swearing the witness vouched for him, and he became his witness." The plaintiff has no reason to complain of this ruling. As a response to the specific objection made by the defendant's counsel, it was very favorable to the defendant. In any view of the case, it was a correction of the argument being made by the State's counsel, so far as the argument was inappropriate. The solicitor was arguing to the jury that the State had made out its case by a witness of the defendant. So far as appears from the record, there was no evidence that the witness named by the solicitor had been subpœnaed by the defendant, or as to who had subpœnaed him. If the defendant's counsel had made the objection that the argument of the State's counsel was outside of the evidence, the court might have made a different ruling, and, if called upon to do so, might have rebuked the solicitor for going outside of the record. The objection of the defendant's counsel, however, was that the solicitor was misquoting the evidence. The court, knowing what evidence had been adduced, and that there was no evidence as to which party had originally subpœnaed the witness, correctly informed the jury that it was immaterial who had subpœnaed him, and that the jury should consider any witness as the witness of the party introducing him, regardless of how his attendance at court might have been secured. The assignment of error is without merit.

*Judgment affirmed.*